**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **3:00-CR-034-R(01)** |
| | ) | **(3:05-CV-0812-R)** |
| **TIMOTHY COLEMAN, #33680-077,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255. The government has not been ordered to respond.

Statement of the Case: Movant pled guilty to possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1). On March 12, 2003, punishment was assessed at 135 months imprisonment and a five-year term of supervised release. United States v. Coleman, 3:00cr034-R(01) (N.D. Tex.). The remaining count was dismissed on the government's motion. The Fifth Circuit Court of Appeals affirmed the judgment of conviction on December 30, 2003, and the Supreme Court denied a petition for writ of certiorari on May 3, 2004.

On April 22, 2005, Movant filed this timely § 2255 motion challenging his sentence under the recent Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S. Ct.

738, 160 L. Ed. 2d 621 (2005) (reaffirming holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").  He alleges that counsel was ineffective in failing to object at sentencing to the additional drugs reported in the presentence investigation report (PSR), and to the enhancements of his sentence based on the additional drugs and the possession of a dangerous weapon.

Findings and Conclusions:   Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part as follows:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Movant's plea agreement contains a waiver of post-conviction remedies. The agreement provides, in relevant part, that:

> [Movant] expressly waives the right to appeal his conviction and sentence on any other ground, including any appeal right conferred by 18 U.S.C. § 3742, and [Movant] further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(See Plea Agreement at ¶ 3 attached as Exh. C to § 2255 Mot.).

A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement.  See United States v. White, 307 F.3d 336, 340-41 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights)); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-*Booker,* a waiver of appeal rights that was signed prior to the issuance of *Booker* ).  See also

2

United States v. Bond, 414 F.3d 542 (5th Cir. 2005) (same as McKinney).  However, this waiver must be informed and voluntary.  The trial court must ensure that the defendant fully understands these rights and the consequences of a waiver.  Wilkes, 20 F.3d at 653 (citing United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992)).

      Movant makes no claim that his waiver was not knowingly made, or that he received ineffective assistance in connection with the validity of the waiver or the plea itself.  White, 307 F.3d at 343-44 (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Rather, Movant focuses solely on his counsel's ineffectiveness at sentencing.  (See Memorandum in Support at 3 and 6-8, attached to § 2255 Mot.).  Because Movant fails to demonstrate how ineffective assistance of counsel affected the validity of the plea agreement itself, his waiver of post-conviction relief is valid and his claims of ineffective assistance of counsel at sentencing are barred.  See White, 307 F.3d at 343-44 (ineffective assistance of counsel allegations that do not question the validity of the waiver, or the plea itself, are barred as a result of the waiver of post-conviction relief).  His § 2255 motion is not properly before the Court and should therefore be summarily dismissed.  Nevertheless, the Court will examine his claims on the merits.

      To prevail on a claim of ineffective assistance of counsel, Movant must establish that: (1) his counsel's performance was deficient, and (2) that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

      Movant contends that his counsel was ineffective for failing to make Apprendi/Booker objections to the amounts of drugs attributed to him in the PSR and used to enhance his sentence. Movant further contends that counsel failed to object to the two-level enhancement of his

3

sentence for possession of a dangerous weapon.  He argues that because his sentence may have used facts that he did not admit nor were found by a jury, his sentence violates his Sixth Amendment right to a trial by jury.  <u>Apprendi/Booker</u> objections rely on the language of <u>Apprendi</u> which states that, with limited exceptions, "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt," or admitted by the defendant.  <u>Apprendi</u>, 530 U.S. at 490 (emphasis added).

However, at the time of Movant's sentencing, the United States Court of Appeals for the Fifth Circuit had held <u>Apprendi/Booker</u> challenges inapplicable to sentence enhancements.  The Fifth Circuit "expressly rejected the argument that <u>Apprendi</u> applies to enhancements based upon the sentencing guidelines, whether tied to quantity or some other relevant fact, which do not cause the sentence to exceed the statutory range authorized."  <u>United States v. Clinton</u>, 256 F.3d 311, 314 (5th Cir. 2001).  Moreover, the plea agreement specifically admits that Movant could have received one kilo of cocaine and that the government could have proven three kilos of cocaine plus 16 grams of cocaine base.  (Plea Agreement ¶ 16, attached as Exh. C to § 2255 Mot.).  The plea agreement also admits that during the drug transaction Movant carried a weapon.  (<u>Id.</u> ¶ 18).

Thus, any objection to the sentence enhancements based on the judicially found quantity of drugs and possession of a weapon would have been futile.  Because the objection would have been futile, Movant's attorney did not act deficiently. See <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990) (stating that an attorney is not required to make futile objections in order to fulfill his duty of adequate representation).

Alternatively, the court finds that Movant's <u>Booker</u> claims are not cognizable in this §

4

2255 proceeding. The Fifth Circuit recently held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make <u>Booker</u> retroactively applicable to cases on collateral review. <u>See</u> <u>In re Elwood</u>, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of <u>Booker</u> to a first § 2255 motion, the circuits that have considered the question have also determined that the <u>Booker</u> decision is not retroactive to collateral review cases. <u>See</u> <u>Guzman v. United States</u>, 404 F.3d 139, 141-44 (2nd Cir. 2005), <u>pet. for cert. filed</u>, No. 05-5187 (Jul. 5, 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005), <u>pet . for cert. filed</u> No. 05-5130 (May 17, 2005); <u>Varela v. United States</u>, 400 F.3d 864, 866-868 (11th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir), <u>cert. denied</u>, 125 S. Ct. 2559 (2005). Therefore, in light of the Fifth Circuit's decision in <u>In re Elwood</u> and the persuasive authority of the unanimous decisions of the other circuits which have considered the issue, the District Court should find that Movant's <u>Booker</u> claims are not cognizable in a § 2255 proceeding.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court summarily dismiss the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. See Rule 4 of the Rules Governing § 2255 Proceedings.

A copy of this recommendation will be mailed to Movant.

Signed this 19th of August, 2005.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.